UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br>MANUEL RODRIGUEZ,<br>       Petitioner. | No. C-12-4435 EMC (pr)<br><br>**ORDER ON INITIAL REVIEW** |

## I.   INTRODUCTION

Manuel Rodriguez commenced this action by filing a petition for a "writ of habeas corpus[,] or in the alternative by writ of mandate, or a writ of coram nobis directing the Superior Court for the County of Monterey to vacate and set aside the conviction" of petitioner. Docket # 1, p. 1. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II.   DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rodriguez's petition attempts to challenge a 1999 misdemeanor assault conviction from Monterey County Superior Court or Monterey County Municipal Court. Docket # 1, p. 8. Rodriguez does not state the sentence he received for that conviction; however, it does not appear

1 that he is now incarcerated on it. He states that he received an expungement pursuant to California
2 Penal Code § 1203.4 by the trial judge in 2005 but does not describe exactly what was expunged.
3 *Id.* at 17, 24.

4       The petition has several threshold problems that must be addressed. The first problem
5 concerns the nature of the writ sought. A person who wishes to challenge a state court conviction in
6 federal court must do so by way of a petition for writ of habeas corpus under 28 U.S.C. § 2254. The
7 other writs mentioned in the caption of the petition are not available to Rodriguez. A federal district
8 court may not entertain a petition for a writ of coram nobis to challenge a state conviction because
9 that writ can only issue to aid the jurisdiction of the court in which the conviction occurred. *See*
10 *United States v. Monreal*, 301 F.3d 1127, 1130-31 (9th Cir. 2002) (writ of error coram nobis
11 attacking Iowa sentence had to be sought in Iowa court); *Madigan v. Wells*, 224 F.2d 577, 578 n.2
12 (9th Cir. 1955) (writ of error coram nobis can only issue to aid jurisdiction of court in which
13 conviction was had). This Court lacks authority to issue a writ of error coram nobis because
14 Rodriguez was not convicted in this Court. This Court also lacks authority to issue a writ of
15 mandamus (or writ of mandate, as it is sometimes called, *see* Cal. Code Civ. Proc. § 1084). The
16 federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any
17 action in the nature of mandamus to compel an officer or employee of the United States or any
18 agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The statute only allows
19 mandamus to compel federal actors and agencies; federal district courts are without power to issue
20 mandamus to direct state courts, state judicial officers, or other state officials in the performance of
21 their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain
22 from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160,
23 1161-62 (9th Cir. 1991). This Court cannot issue a writ of mandamus to the Monterey County
24 Superior Court. The only writ potentially available to Rodriguez is the writ of habeas corpus, but
25 there are obstacles to even that writ.[1]

---

[1] Rodriguez cites 42 U.S.C. §§ 1983 et seq. in support of his petition. Sections 1983-1988 provide causes of action for civil rights violations, but do not support the issuance of a writ compelling a state court to vacate or otherwise erase a state court conviction. Rodriguez may file a civil rights complaint under § 1983 et seq. as a separate action, but is cautioned that such an action

The second problem is that Rodriguez does not appear to satisfy the requirement that he be "in custody" on the conviction he is attempting to challenge. The federal writ of habeas corpus is available only to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Carafas,* 391 U.S. at 238. It is not necessary that a prisoner be physically confined to meet the custody requirement. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). In general, custody is satisfied where the sentence imposed "significantly restrain[s] petitioner's liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). For example, a petitioner on parole, *see id.* at 241-43, or probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005), at the time of filing is considered to be in custody. "It is well-established that 'once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction *are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.*'" *Resendiz v. Kovensky*, 416 F.3d 952, 957 (9th Cir. 2005) (italics in source); *see, e.g., id.* at 958-59 (California law which requires convicted narcotics offenders to register with state authorities does not constitute severe restraint on physical liberty sufficient to constitute custody); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California law which requires convicted sex offenders to annually register with state authorities does not constitute severe, immediate restraint on physical liberty sufficient to constitute custody); *Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987) (revocation of medical license based upon petitioner's conviction not satisfy custody requirement for petitioner who filed following unconditional release from probationary period); *see also Ginsberg v. Abrams*, 702 F.2d 48, 49 (2d. Cir. 1983) (where sentence of unconditional discharge entailed neither imprisonment, fine, nor probation supervision, judge's removal from bench, loss of right to practice law and disqualification from licensure as agent insufficient to constitute custody); *Harvey v. South Dakota*, 526 F.2d 840, 841 (8th Cir. 1975) (inability to pursue certain professions, to possess firearms, and status of recidivist if another crime committed not custody). The petition does not demonstrate that

---

also likely will have statute of limitations problems.

3

Rodriguez satisfies the requirement that he be "in custody" on the conviction he seeks to challenge. Rodriguez must explain how he satisfies the custody requirement.

The third problem in the petition is that, even if Rodriguez satisfies the custody requirement, the petition appears to be extremely untimely and therefore barred by the habeas statute of limitations. Petitions filed by persons challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2). The limitations period also can be equitably tolled for a petitioner who "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Rodriguez must show why his petition challenging a 13-year old conviction should not be dismissed as barred by the habeas statute of limitations.

The fourth problem in the petition is that there is no indication that Rodriguez has exhausted his state court remedies for the claim(s) in the petition. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). Rodriguez must state whether and when he presented his claim(s) to the California Supreme Court to provide that court with a fair opportunity to rule on the merits of the claim(s).

Finally, Rodriguez has not named a respondent in his habeas petition. The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to

name the "'state officer having custody'" of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Rodriguez must identify a proper respondent for his petition.

## IV. CONCLUSION

It appears that Rodriguez may not be in custody on the conviction he seeks to challenge, that his petition may be time-barred, and that he may not have exhausted state court remedies. Rodriguez also has not named a respondent for his petition, as he must.

Rodriguez is hereby ordered to show cause (1) why his petition should not be dismissed for lack of custody, (2) why it should not be dismissed as time-barred, and (3) why it should not be dismissed for failure to exhaust state court remedies. Rodriguez must file a written response to this order to show cause. His response must be filed no later than **November 16, 2012**. Failure to file the response by the deadline will result in the dismissal of this action. In his response, he also must identify the respondent for his petition.

IT IS SO ORDERED.

Dated: October 15, 2012

EDWARD M. CHEN
United States District Judge

5