UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re

MANUEL RODRIGUEZ,

      Petitioner.

No. C-12-4435 EMC (pr)

**ORDER OF DISMISSAL**

Manuel Rodriguez commenced this action by filing a petition for a "writ of habeas corpus[,] or in the alternative by writ of mandate, or a writ of coram nobis directing the Superior Court for the County of Monterey to vacate and set aside the conviction" of petitioner. Docket # 1, p. 1. The conviction under attack was a 1999 misdemeanor assault conviction from Monterey County Superior Court or Monterey County Municipal Court. This Court issued an order explaining that neither a writ of mandate nor a writ of error coram nobis was available to Petitioner and that his remedy, if any, was a writ of habeas corpus. This Court ordered Petitioner to show cause why this action should not be dismissed for failure to satisfy the custody requirement, for untimeliness, and for failure to exhaust state court remedies. This Court also ordered Petitioner to name a proper respondent.

Petitioner filed a response in which he attempted to show that he met the custody requirement. He stated that, due to the conviction, he cannot carry a firearm and that his inability to carry a firearm disqualifies him from obtaining a job in his preferred field of law enforcement.

The federal writ of habeas corpus is available only to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). The custody requirement is jurisdictional. *See Carafas*, 391 U.S. at 238. Petitioner's inability to lawfully carry a firearm and his inability to obtain a particular kind of job are collateral

consequences that do not satisfy the custody requirement for habeas corpus jurisdiction. *See Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987) (revocation of medical license based upon petitioner's conviction not satisfy custody requirement for petitioner who filed following unconditional release from probationary period); *see also Ginsberg v. Abrams*, 702 F.2d 48, 49 (2d. Cir. 1983) (where sentence of unconditional discharge entailed neither imprisonment, fine, nor probation supervision, judge's removal from bench, loss of right to practice law and disqualification from licensure as agent insufficient to constitute custody); *Harvey v. South Dakota*, 526 F.2d 840, 841 (8th Cir. 1975) (inability to pursue certain professions, to possess firearms, and status of recidivist if another crime committed do not amount to custody). Regardless of the existence of serious collateral consequences stemming from petitioner's conviction, the absence of custody at the time of the filing of the petition means that the Court lacks subject matter jurisdiction to entertain the petition for writ of habeas corpus. *See Resendiz v. Kovensky*, 416 F.3d 952, 958-59 (9th Cir. 2005) The action must be dismissed.

The action is dismissed for the separate and additional reason that the Court lacks personal jurisdiction due to Petitioner's failure to name a proper respondent. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

In light of the dismissal of the action for jurisdictional reasons, the Court does not reach the non-jurisdictional problems of untimeliness and non-exhaustion of state court remedies.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

Dated: January 2, 2013

_____
EDWARD M. CHEN
United States District Judge

2